```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION

JOSHUA M. TEAL, # 305729,        *
                                 *
     Plaintiff,                  *
                                 *
vs.                              *  CIVIL ACTION NO. 20-00026-KD-B
                                 *
ALABAMA DEPARTMENT OF            *
CORRECTIONS, et al.,             *
                                 *
     Defendants.                 *
```

**REPORT AND RECOMMENDATION**

Plaintiff Joshua M. Teal, an Alabama state prison inmate proceeding *pro se* and *in forma pauperis,* filed an action under 42 U.S.C. § 1983, which has been referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). After careful review of Teal's amended complaint (Doc. 9), it is recommended that this action be dismissed without prejudice, prior to service of process, as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**I. Legal Standards for Finding a Complaint Malicious.**

Because Teal is proceeding *in forma pauperis* (see Docs. 2, 6, 7), the Court is required to screen his amended complaint (Doc. 9) under 28 U.S.C. § 1915(e)(2)(B). That section requires the dismissal of an *in forma pauperis* prisoner action if it is determined that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii).

An action is deemed malicious under § 1915(e)(2)(B)(i) when a prisoner plaintiff affirmatively misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury, as such a complaint is an abuse of the judicial process that warrants dismissal without prejudice as malicious. See Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) (affirming the counting of an action that was dismissed for abuse of the judicial process because the inmate lied under penalty of perjury about the existence of a prior lawsuit as a strike under 28 U.S.C. § 1915(g)), overruled on other grounds by Jones v. Bock, 549 U.S. 199, 215-17 (2007); see also Schmidt v. Navarro, 576 F. App'x 897, 898-99 (11th Cir. 2014) (per curiam)[1] (finding that the district court did not abuse its discretion in dismissing prisoner's complaint without prejudice for failing to disclose two previously dismissed federal actions on his complaint form); Sears v. Haas, 509 F. App'x 935, 935-36 (11th Cir. 2013) (per curiam) (affirming dismissal of prisoner's action without prejudice where, in a complaint signed under penalty

---

[1] Federal Appendix cases are unpublished Eleventh Circuit opinions and are not considered binding precedent, but they may be cited as persuasive authority. 11th Cir. R. 36-2; Henry v. Comm'r of Soc. Sec., 802 F.3d 1264, 1267 n.1 (11th Cir. 2015) (per curiam) ("Cases printed in the Federal Appendix are cited as persuasive authority.").

of perjury, the inmate failed to disclose a case filed just five months before and another case dismissed years earlier for failure to state a claim); Jackson v. Fla. Dep't of Corr., 491 F. App'x 129, 132 (11th Cir. 2012) (per curiam) (affirming dismissal of an inmate's action without prejudice when he avowed on the complaint form under the penalty of perjury that he had never had an action dismissed prior to service of process, even though he had at least one), cert. denied, 569 U.S. 960 (2013); Redmon v. Lake Cnty. Sheriff's Office, 414 F. App'x 221, 223, 225-26 (11th Cir. 2011) (per curiam) (affirming the dismissal without prejudice of an inmate's action that was found to be abusive when he filed a complaint signed under penalty of perjury and did not disclose a prior lawsuit relating to his imprisonment or conditions of imprisonment as required by the complaint form); Shelton v. Rohrs, 406 F. App'x 340, 340-41 (11th Cir. 2010) (per curiam) (affirming the dismissal without prejudice of a prisoner's complaint under § 1915(e)(2)(B)(i) for abuse of the judicial process after he checked "no" to a question on the complaint form asking whether he had filed any other actions in state or federal court despite having filed at least four prior actions); Pinson v. Grimes, 391 F. App'x 797, 799 (11th Cir.) (per curiam) (relying on Rivera and affirming the finding of an abuse of the judicial process and the issuance of a strike when the prisoner listed only two prior cases even though he had filed two other federal cases within the preceding

month), cert. denied, 562 U.S. 1013 (2010).[2]

When an action is dismissed without prejudice as malicious, the Court must consider whether the action may be re-filed. See Schmidt, 576 F. App'x at 898-99. When the statute of limitations has expired, a dismissal without prejudice is tantamount to a dismissal with prejudice because the plaintiff will be unable to re-file his action, and the court should then consider lesser sanctions. See Stephenson v. Warden, Doe, 554 F. App'x 835, 837-38 (11th Cir. 2014) (per curiam); Hines v. Thomas, 604 F. App'x 796, 800 (11th Cir. 2015) (per curiam). In Alabama, the statute of limitations for filing a § 1983 action is two years. Jones v. Preuit & Mauldin, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc); see Ala. Code § 6-2-38(l).

**II. Analysis.**

In the present action, filed on January 15, 2020, Teal answered "No" in response to the questions on this Court's form § 1983 prisoner complaint that expressly asked whether he had filed other lawsuits in state or federal court dealing with same or

---

[2] Furthermore, in Perry v. Locklear, 2019 U.S. App. LEXIS 14312, 2019 WL 2240535 (11th Cir. May 14, 2019) (not reported in Fed. Rptr.), and Nunnally v. Timothy, 2019 U.S. App. LEXIS 1394, 2019 WL 360068 (11th Cir. Jan. 15, 2019) (not reported in Fed. Rptr.), the Eleventh Circuit denied each prisoner plaintiff leave to proceed *in forma pauperis* because the appeal of the district court's dismissal of each plaintiff's action for abusing the judicial process was frivolous. In each instance, the district court had found the inmate made misrepresentations to the court when he did not disclose prior lawsuits when required.

4

similar facts involved in this action and whether he had filed other lawsuits in state or federal court relating to his imprisonment. (Doc. 1 at 3). Teal then signed his complaint under penalty of perjury. (Id. at 9). In the original complaint, Teal alleged that he was assaulted and beaten on October 24, 2019 by fellow inmates at Holman Correctional Facility ("Holman"), that prison officials did not intervene, that fellow inmates tattooed "I am a rapist" across his shoulders, and that his property was taken while he was away from the facility at a "free-world" hospital. (Id. at 4-5). In screening Teal's original complaint, the Court determined that it was frivolous because the sole named Defendant, the Alabama Department of Corrections, was not a proper defendant to this § 1983 action. (Doc. 8 at 2). Instead of entering a report and recommendation to dismiss this action, the Court granted Teal leave to file an amended complaint for the purpose of stating a claim against a proper defendant. (Id. at 3). He was advised of the requirements for pleading a § 1983 complaint and that his amended complaint would replace the original complaint. (Id. at 3-5).

On May 26, 2020, Teal filed an amended complaint against Defendants Cynthia Stewart and Terry Raybon, but he alleged a different set of circumstances than those contained in his original complaint. (See Doc. 9 at 5). In the amended complaint, Teal mostly complains about the conditions of confinement in his

5

segregation cell at Holman from November 2019 to February 2020. (Id. at 8-9). Teal answered "No" in response to the question on the Court's form complaint that expressly asked whether he had filed other lawsuits in state or federal court dealing with same or similar facts involved in this action. (Id. at 3). And, he did not respond to the question that asked whether he had filed other lawsuits in state or federal court relating to his imprisonment. (Id.). Teal then signed his amended complaint under penalty of perjury. (Id. at 7).

However, the Court takes judicial notice of the fact that in addition to the present action, Teal has another action pending on this Court's docket, namely Teal v. Alabama Department of Corrections, No. 20-cv-00172-CG-N ("second action"). The second action was originally filed in the Middle District of Alabama on February 10, 2020.[3] ECF No. 1. In the second action, Teal chiefly complains about the conditions of confinement of his segregation cell at Holman and alleges he is being held in a prison that is unsafe. Id. at 3, 5-6. In the complaint in the second action, Teal stated that he had not begun other lawsuits dealing with the same facts as those contained in his complaint. Id. at 1. He then stated that he had begun other lawsuits relating to his imprisonment, and he identified the present action. Id. Teal's

---

[3] Teal v. Alabama Dep't of Corr., No. 2:20-CV-00094-WKW-CSC [WO].

second action was transferred to this Court. ECF No. 5. Upon receipt of the second action, this Court ordered Teal to file his complaint in that action on this Court's complaint form. ECF No. 7. In the amended complaint in the second action, Teal stated that he had not filed any lawsuits dealing with the same or similar facts involved with the second action. ECF No. 8 at 3. He then stated that he filed other lawsuits relating to his imprisonment, and he listed Teal v. Russell County Circuit Court, No. 3:20-cv-00093-WKW-CSC (M.D. Ala. 2020), which he reported was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) on March 23, 2020. Id.

When Teal filed his amended complaint in the instant action on May 26, 2020, he did not advise the Court of Teal v. Russell County Circuit Court, No. 3:20-cv-00093-WKW-CSC (M.D. Ala. 2020), which he filed on February 10, 2020. Nor did he advise the Court of his second action pending in this Court, Teal v. Alabama Department of Corrections, No. 20-cv-00172-CG-N (S.D. Ala. 2020), which was filed on February 10, 2020 and contains allegations very similar to those which he has raised in his amended complaint in this action.

In the present action, Teal's amended complaint was signed under penalty of perjury. (Doc. 9 at 7). When he filed the amended complaint in the present action, it is apparent that Teal was well aware of his two other cases, namely Teal v. Russell County Circuit Court, No. 3:20-cv-00093-WKW-CSC (M.D. Ala. 2020)

7

and Teal v. Alabama Department of Corrections, No. 20-cv-00172-CG-N (S.D. Ala. 2020).  Thus, the Court concludes that Teal knowingly failed to provide the requested information about lawsuits that he filed *after* the original complaint in this case, but *before* he signed his amended complaint in this action under penalty of perjury.

The Court's form § 1983 prisoner complaint expressly requests information about prior actions from a prisoner plaintiff in order to assist the Court in determining whether the prisoner is barred under 28 U.S.C. § 1915(g) (the "three-strikes" rule), whether the action is connected to another action, and whether the plaintiff is familiar with litigating his claims.  See Doctor v. Nichols, 2015 U.S. Dist. LEXIS 124946, at *9-10, 2015 WL 5546397, at *3 (N.D. Fla. Aug. 19, 2015) (underline added).  When the prisoner fails to provide information about all his prior actions on the complaint form, the Court is deprived of this knowledge to assist it in handling the prisoner's action, and this causes the Court to expend more time and resources than would otherwise be necessary. Id., 2015 U.S. Dist. LEXIS 124946, at *10, 2015 WL 5546397, at *3. This definitely occurred in the instant action.

Moreover, the judicial system is structured so that when a plaintiff files a civil action, he certifies to the court that his signed pleading, motion, or other paper "to the best of [his] knowledge, information, and belief, formed after an inquiry

8

reasonable under the circumstances . . . is not being presented for any improper purpose, . . . [and] the factual contentions have evidentiary support . . . ." Fed. R. Civ. P. 11(a) & 11(b)(1) & (3). The purpose of Rule 11 is to impress on the signer his personal responsibility for validating "the truth and legal reasonableness" of the document he is filing, which assists in conserving the court system's resources and in avoiding unnecessary proceedings. Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc., 498 U.S. 533, 543, 547 (1991).

Because Teal was not truthful about his prior litigation in his amended complaint, his action is subject to being dismissed as malicious for abusing the judicial process. The only reason the undersigned would not recommend dismissal without prejudice of this action is if the present action could not be re-filed because the two-year statute of limitations for § 1983 actions in Alabama had expired.

An examination of Teal's allegations in his amended complaint reflects that the claims he seeks to assert arose during the period of November 2019 through February 2020.[4] (Doc. 9 at 4). Considering the dates on which the claims in Teal's original complaint and amended complaint in this action are alleged to have arisen, Teal will be able to re-file his action before the two-

---

[4] The claims in Teal's original complaint arose on October 24, 2019. (See Doc. 1 at 4).

9

year statute of limitations expires if he elects to do so. Because Teal's claims can be re-filed, this action is due to be dismissed without prejudice as malicious.

### III. Conclusion.

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), because it is malicious.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **3rd** day of **November, 2020.**

                                        **/s/ SONJA F. BIVINS**
                               **UNITED STATES MAGISTRATE JUDGE**